IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL COPPER** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-0800 |
| | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| *et al* | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                                                     **March 4, 2008**

      Plaintiff, Darryl Copper, a state prisoner at SCI Pine Grove in Indiana, Pennsylvania, has filed a *pro se* form civil rights complaint under 42 U.S.C. § 1983, alleging that he was mistreated by state prison officials and fellow inmates while an inmate in SCI Houtzdale. He has named as defendants the superintendent and the deputy superintendent of SCI Houtzdale, a Houtzdale correctional officer, and Jeffrey A. Beard, Secretary of Corrections.

      The plaintiff has filed a motion to proceed *in forma pauperis*. His motion will be granted and the Superintendent of SCI Pine Grove will be directed to deduct payment for the payment of the filing fee from the plaintiff's inmate account. At the same time, the action will be transferred to the United States District Court for the Western District of Pennsylvania because venue is improper here and proper there. 28 U.S.C. §1406(a).

      A civil action not founded on diversity of citizenship may be "brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b).

None of the defendants reside in the Eastern District of Pennsylvania. All of the events giving rise to the plaintiff's complaint occurred in the Western District of Pennsylvania where SCI Houtzdale is located and the named defendants, except Beard who resides in the Middle District of Pennsylvania, reside. Therefore, venue is improper in this district.

Rather than dismissing the complaint, a court can transfer it in the interest of justice to a district where it could have been brought. 28 U.S.C. §1406(a). Accordingly, because the action could have been brought in the Western District of Pennsylvania, it will be transferred to that district.